UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TERESA DUHAMEL,<br><br>         Plaintiff<br><br>vs.<br><br>JOHN C. TURNER, CHAPTER &<br>TRUSTEE OF DURASTONE, INC. and<br>COASTAL ENTERPRISES, INC.,<br><br>         Defendants | Civil No. 05-72-P-C |

Gene Carter, Senior District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR
WITHDRAWAL OF REFERENCE**

Now before the Court is Plaintiff Teresa Duhamel's Motion for Withdrawal of Reference pursuant to 28 U.S.C § 157(d). (Docket Item No. 1). The Court has thoroughly considered the argumentation of the parties and, for the reasons stated below, will deny the motion.

    **I.**    **Factual Background**

This case arises in the context of a Chapter 7 Bankruptcy proceeding. The debtors in that proceeding, Duhamel Realty and Durastone, Inc. (hereinafter the debtors), received a series of loans from TD BankNorth, Inc.[1] (hereinafter "BankNorth"). Plaintiff's husband, James Duhamel, was a principal of the debtors, and both he and his wife guaranteed payment of the debt. In addition to signing a personal guaranty, Plaintiff

---

[1] At the time of the guaranties BankNorth was known as Peoples Heritage Bank.

also signed a loan agreement containing a waiver of subrogation rights. *See* Loan Agreement at 18-19 (attached as exhibit 1 to Trustee's Response to Motion for Withdrawal (Docket Item No. 5)). As security for their guaranties, Plaintiff and her husband also granted to BankNorth a mortgage of their residence.

The debtors subsequently defaulted on their loans, and BankNorth, pursuant to its mortgage, commenced foreclosure proceedings on Plaintiff's residence. Shortly thereafter, the parties executed an amendment to the loan agreement. *See* Amendment to Loan Documents (attached as exhibit 3 to Trustee's Response to Motion for Withdrawal (Docket Item No. 5)). The amendment provided terms under which BankNorth would forbear from foreclosing on the residence. *See id*. In addition, the agreement provided that Plaintiff released any and all claims against BankNorth. *Id.* at p.12, ¶ 14. Plaintiff and her husband subsequently sold their residence and allege that they turned over all proceeds of the sale to BankNorth.

Plaintiff commenced this adversarial proceeding in the bankruptcy court alleging that, pursuant to 11 U.S.C. § 509, she is entitled to subrogation of the secured claim of BankNorth in an amount equal to her share of the proceeds from the sale of the residence which she alleges were paid to BankNorth. The trustee answered this complaint, alleging that Plaintiff validly waived her rights of subrogation relating to BankNorth's claim.

In the motion now before the Court, Plaintiff moves that the reference of this matter to the bankruptcy court be withdrawn pursuant to 28 U.S.C. § 157(d). As support for her motion, Plaintiff asserts that the Equal Credit Opportunity Act, 15 U.S.C. § 1601 *et seq.*, (hereinafter "ECOA") and regulations promulgated thereunder render the purported waivers of her subrogation rights ineffective. Thus, Plaintiff argues, the

resolution of her action requires consideration of the ECOA and this Court must withdraw the reference.

## II.     Discussion

Plaintiff's motion is governed by the "mandatory withdrawal" provision of 28 U.S.C. § 157(d). That section provides in relevant part:

> The district court shall on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

*Id.* Courts construe this provision narrowly, *see Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996), and "withdrawal is mandatory if substantial consideration of nonbankruptcy federal statutes is required," *In re Jackson Brook Institute, Inc.*, 280 B.R. 779, 782 (D.Me. 2002). The moving party bears the burden of persuasion. *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d at 953.

Plaintiff argues that resolution of this action will require substantial consideration of two regulations promulgated under the ECOA. She first argues that BankNorth violated the ECOA by requiring her to serve as a guarantor. *See* 12 C.F.R. § 202.7(d)(4). Although Plaintiff is correct that, if proven, this would constitute a violation of the ECOA, she fails to articulate how that violation could invalidate her waiver of subrogation rights. Success on her ECOA theory would appear to only invalidate her guaranty of the debt. *See id.* While this may have been a valid defense in an action by BankNorth to enforce the guaranty, the action at hand is against the Trustee, not BankNorth, and the validity of the guaranty is not at issue. Plaintiff fails to assert, and the Court is unable to discern, any basis on which the invalidity of the *guaranty* would serve to invalidate the *waiver* of her subrogation rights. Thus, Plaintiff has failed to

3

persuade the Court that consideration of the claimed ECOA violation is required for the resolution of this action.

Plaintiff's other argument is equally unavailing.  Section 202.7(d)(4)[2] of the regulations *permits* a creditor to require a spouse's signature for purposes of obtaining a valid security interest.  12 C.F.R. § 202.7(d)(4).  Plaintiff asserts that BankNorth violated that regulation by requiring that she waive her subrogation rights.  Plaintiff's argument misses one crucial step: specifically, pointing to anything in the regulation that *prohibits* the complained of conduct.  Section 202.7(d)(4) is entirely permissive and does not prohibit any conduct.  *See id*.  Because Plaintiff has failed to identify any provision of the ECOA or regulations which may possibly prohibit the conduct of which she complains, the Court is not persuaded that consideration of the ECOA or regulations promulgated thereunder will be required for resolution of her claim.

### III.   Conclusion

For the above stated reasons, the Court concludes that this action does not require withdrawal of the reference and, accordingly, it is **ORDERED** that Plaintiff's Motion be, and it is hereby, **DENIED**.

/s/Gene Carter

**GENE CARTER**
Senior United States District Judge

Dated at Portland, Maine this 22nd day of November, 2005.

---

[2] That regulation reads in full:
> Secured credit.  If an applicant requests secured credit, a creditor may require the signature of the applicant's spouse or other person on any instrument necessary, or reasonably believed by the creditor to be necessary, under applicable state law to make the property being offered as security available to satisfy the debt in the event of default, for example, an instrument to create a valid lien, pass clear title, waive inchoate rights, or assign earnings.

12 C.F.R. § 202.7(d)(4).

4